# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Silver- colored iPhone, IMEI: 353298075828767 ) Case No. 1:20-MJ-00331
Silver- colored iPhone, IMEI: 354954074875311 )
Located at the DEA Cincinnati Resident Office )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the __Southern__ District of __Ohio__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Conspiracy to posses with intent to distribute a controlled substance |
| 21 U.S.C. 846 | |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Tyler Field, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence. **via electronic means.**

Date: 5/1/2020

*Judge's signature*

City and state: Cincinnati, Ohio          Hon. Stephanie K. Bowman, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

The property to be searched:

**Subject Telephone 1:** Silver- colored iPhone, IMEI: 353298075828767

**Subject Telephone 2:** Silver- colored iPhone, IMEI: 354954074875311

The above items are currently located at the DEA Cincinnati Resident Office, 36 E. 7th Street, Suite 1900, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Telephones for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

1. All records on the Subject Telephones described in Attachment A that relate to violations of **21 U.S.C. §§ 846** and involve Eduardo DEARKOS**,** and other yet known and unknown individuals including:

    a. Evidence that shows the Device was used to further facilitate the distribution of illegal narcotics;
    b. lists of customers and related identifying information;
    c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
    d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
    e. any information recording schedules or travel;
    f. any and all stored telephone numbers;
    g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
    h. Any and all emails, sent, received, delete, draft and/or saved;
    i. any and all voicemails;
    j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
    k. Any and all data retrieved from Apps on the device;
    l. any and all entries made in a calendar and/or notebook feature;
    m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned the Subject Telephones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CELLULAR TELEPHONES DESCRIBED AS:<br><br>Silver- colored iPhone, IMEI: 353298075828767<br><br>Silver- colored iPhone, IMEI: 354954074875311<br><br>**Located at the** DEA Cincinnati Resident Office 36 E. 7th Street, Suite 1900 Cincinnati, Ohio | CASE NO. 1:20-MJ-00331<br><br>**UNDER SEAL** |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Tyler D. Field, a Special Agent with the Drug Enforcement Administration (DEA), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—two electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent (SA) of the Drug Enforcement Administration (DEA) and have been so employed since March 2016. I also serve as a U.S. Army Military Police Major in the Indiana Army National Guard and have done so for over eighteen years. Prior to being employed with the DEA, I was employed as a police officer for the Town of Bridgewater, Massachusetts for over three years. I have graduated from the U.S. Army Military Police School, Plymouth Police Academy, and DEA Basic Agent Academy. During those courses I received training in the

investigation of offenses involving controlled substances. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code.  As a DEA agent, I have participated in approximately twenty criminal investigations seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code)

3. I am currently assigned to the Cincinnati Resident Office of the DEA. I received specialized training from the DEA, including the 18-week Basic Agent Training course. That training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

4. As a DEA Agent, I have participated in approximately twenty criminal investigations and in the execution of numerous search warrants seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code).  These warrants covered the search of locations to include: residences of drug traffickers and their co-conspirators/associates, drug manufacturing operations, stash houses used as storage and distribution points for controlled substances, as well as the search of Facebook profiles, e-mail accounts, and mobile telephones.

5. Through my training and experience, I know that those involved in the illegal sale and distribution of narcotics often store in their cell phones and mobile devices, contact information for their associates so that they may stay in ready contact with their customers and source(s) of supply.  Often the information stored in the contact list may be in the form of a code to conceal the true identity of the contact.

6. Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of cellular telephones or use of multiple telephones or other devices, to avoid detection by law enforcement.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

8. The property to be searched:

   **Subject Telephone 1:** Silver- colored iPhone, IMEI: 353298075828767

   **Subject Telephone 2:** Silver- colored iPhone, IMEI: 354954074875311

9. The subject telephones were seized from Eduardo DE ARKOS, referred hereinafter to as the **SUBJECT TELEPHONES**. The **SUBJECT TELEPHONES** are currently in the custody of DEA Cincinnati.

10. The applied-for warrant would authorize the forensic examination of the **SUBJECT TELEPHONES** for the purpose of identifying electronically stored data particularly described in Attachment B.

## SUMMARY OF INVESTIGATION

11. On April 29, 2020, officers/agents learned that Eduardo DE ARKOS booked an airline ticket at approximately 7:00 p.m. the night prior to travel from San Francisco International Airport (SFO) to the Cincinnati/Northern Kentucky International Airport (CVG), arriving at approximately 3:03 p.m. on April 29, 2020. He had booked return travel for April 30, 2020 at approximately 6:45 a.m. Based on my training and experience, I know that drug traffickers often travel from known drug source states, such as California, on short notice for brief durations in order to distribute controlled substances and/or obtain drug proceeds. Officers/agents established surveillance and observed DE ARKOS

3

arrive at CVG. Officers/agents noted that DE ARKOS had not checked any luggage. DE ARKOS boarded a shuttle to travel to the DoubleTree Hotel located at 2826 Terminal Drive, Hebron, Kentucky. DE ARKOS went inside the hotel. While checking in, DE ARKOS told the employee at the front desk that he would only be at the hotel for a few hours.

12. At approximately 3:42 p.m., I observed a gold-colored Chrysler with Ohio license plates HLM7417, registered to Trenton YARBROUGH, arrive in the parking lot of the DoubleTree Hotel and park in the east parking lot in front of the east entrance of the hotel. I observed DE ARKOS walk out of the east entrance and approach the front passenger window of the Chrysler. The driver of the Chrysler handed DE ARKOS a large bag. DE ARKOS then carried the bag inside of the east entrance of the hotel and the Chrysler departed the hotel parking lot. Based on my training and experience, I am aware that meetings between drug traffickers to distribute controlled substances and/or drug proceeds are often very brief.

13. At approximately 4:37 p.m., officers/agents observed DE ARKOS exit the front entrance of the hotel and board a shuttle to return to the CVG terminal. DE ARKOS checked in at the United Airlines counter and checked a bag. Officers/agents used a canine trained in the detection of controlled substances to conduct an open-air sniff of DE ARKOS checked bag and the dog alerted. Officers/agents later approached DE ARKOS at the gate and identified themselves as law enforcement. Officers/agents asked DE ARKOS if he had any controlled substances in his checked bag and DE ARKOS said no. Officers/agents asked DE ARKOS if there was any money in his checked bag and he answered "I'm not sure" or words to that effect. Officers/agents asked DE ARKOS for consent to search his checked bag and DE ARKOS consented. DE ARKOS then told officers/agents that there may be some money in his checked bag and that he obtained the money from a real estate deal. Officers/agents searched DE ARKOS checked bag and located a large amount of money concealed under clothes with fabric softener sheets (see picture below). Based on my training, experience, and discussions with other law enforcement officers/agents, I believe

4

that DE ARKOS used the fabric softener sheets to mask the scent of the money from law enforcement.



14. Officers/agents noted that the money was comprised of smaller denominations to include many $20 bills consistent with money earned from drug trafficking. Officers/agents questioned DE ARKOS about the details of his real estate transaction but was unable to provide any information about with whom he conducted the transaction or where. Officers/agents requested consent to search the **SUBJECT TELEPHONES** to see if there were any messages to confirm that the money was from a real estate transaction but DE ARKOS declined. Officers/agents then seized the **SUBJECT TELEPHONES** and transported the **SUBJECT TELEPHONES** to the DEA Cincinnati Resident Office.

15. Based on my training, experience, discussions with other law enforcement officers/agents, my knowledge that DE ARKOS traveled from San Francisco, California to CVG on April 29, 2020 on short notice during the COVID-19 pandemic, my knowledge that California is a known source

state for controlled substances, my knowledge that DE ARKOS later obtained a bag from the Chrysler, my knowledge that shortly after obtaining the bag, DE ARKOS returned to the terminal and changed his flight to depart CVG less than three hours after arriving in CVG, my knowledge that DE ARKOS checked a bag on his departing flight despite not having checked a bag on his flight to CVG, my knowledge that a canine alerted to the odor of controlled substances in DE ARKOS' checked bag, my knowledge that a large amount of money was found in DE ARKOS' checked bag, and DE ARKOS' inconsistent answers on where he obtained the money, I believe that the money seized from DE ARKOS was drug proceeds.

16. Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of cellular telephones or use of multiple telephones or other devices, to avoid detection by law enforcement. Based on the above facts and circumstances, I believe the contents on **SUBJECT TELEPHONES** will lead to information that can identify possible stash house locations, money laundering techniques, and other co-conspirators. Lastly, I believe that probable cause exists to search the **SUBJECT TELEPHONES**.

Respectfully submitted,

_____
Tyler D. Field
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this 1st day of May, 2020. **via electronic means.**

_____
Honorable Stephanie K. Bowman
United States Magistrate Judge

6

## ATTACHMENT A

The property to be searched:

**Subject Telephone 1:** Silver- colored iPhone, IMEI: 353298075828767

**Subject Telephone 2:** Silver- colored iPhone, IMEI: 354954074875311

The above items are currently located at the DEA Cincinnati Resident Office, 36 E. 7th Street, Suite 1900, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Telephones for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1. All records on the Subject Telephones described in Attachment A that relate to violations of **21 U.S.C. §§ 846** and involve Eduardo DEARKOS**,** and other yet known and unknown individuals including:

   a. Evidence that shows the Device was used to further facilitate the distribution of illegal narcotics;
   b. lists of customers and related identifying information;
   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   e. any information recording schedules or travel;
   f. any and all stored telephone numbers;
   g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
   h. Any and all emails, sent, received, delete, draft and/or saved;
   i. any and all voicemails;
   j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
   k. Any and all data retrieved from Apps on the device;
   l. any and all entries made in a calendar and/or notebook feature;
   m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned the Subject Telephones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.